378 P.2d 929

EMPLOYMENT SECURITY COMMISSION of Arizona, and Members, and Phelps Dodge Corporation, Morenci Branch, Appellants,

v.

Rocky L. ACOSTA, Billy J. Allen, Dillard H. Clonts, Weldon V. Copeland, et al., Appellees.

No. 7480.

Supreme Court of Arizona.

En Banc.

Feb. 20, 1963.

Rehearing Denied April 25, 1963.

—◆—

Robert W. Pickrell, Atty. Gen. and Richard J. Daniels, Asst. Atty. Gen., for appellant Employment Security Commission.

Evans, Kitchel & Jenckes, by Denison Kitchel and Earl H. Carroll, Phoenix, for appellant Phelps Dodge Corporation.

Ira Schneier, Tucson, McKesson, Renaud & Cook, Phoenix, of counsel for claimants-appellees.

WINDES, Justice (Retired).

Appellees herein filed claims for unemployment compensation. The appellant Employment Security Commission, hereinafter designated "Commission", denied the claims. The simple factual situation is that claimants were employed by appellant Phelps Dodge Corporation, hereinafter referred to as the "Company". On February 12, 1960 the Brotherhood of Railroad Trainmen and the Locomotive Firemen and Engineers established a picket line at entrances to the Company's operations which was maintained until February 18, 1960. At a hearing for the purpose of determining whether claimants were entitled to unemployment benefits the Commission found that at various times during the maintenance of the picket line acts of violence were committed toward employees attempting to pass en route to work. There was no evidence of physical injury but some workers were prevented from going to their work by mass picketing and some damage was done to vehicles attempting to pass the picket line. The day after the picket line was established the Company obtained from the court a restraining order as to violence and upon service thereof the violence ceased. Following termination of the labor dispute claimants attempted to return to their former employment. Fifteen were advised their employment was terminated because of their activities during the strike and six were informed they had been replaced. Subsequently two of the latter were re-employed.

The Commission decided that claimants were disqualified for benefits under the provision of A.R.S. § 23–777 which in effect disqualified for any act "with respect to which the commission finds that his total or partial unemployment is due to a labor dispute." Claimants do not question the correctness of this portion of the decision. In addition the Commission found that claimants participated in the picketing during the period when acts of violence were committed by members of the picket line and because, as the Commission ruled, they were still employees during the strike—claimants were also disqualified under the provisions of A.R.S. § 23–775. This section, so far as applicable, provides that a workman is disqualified

"2. For the week in which he has been discharged for misconduct connected with his work, * * *, and in addition to the waiting week, for the four weeks which immediately follow such week, and his maximum benefit amount shall be reduced by an amount equivalent to four times his weekly benefit amount."

The trial court ruled that the Commission erroneously disqualified claimants under the provisions of § 23–775 for having been discharged for conduct *connected with their work*.

[1, 2] The question thus presented is whether the activities of claimants during the strike as heretofore related and as found by the Commission were acts of misconduct connected with their work so as to disqualify for unemployment benefits under said provision of A.R.S. § 23–775. It is not every act of misconduct by an employee which warrants a discharge for misconduct connected with his work and thereby deprives him of unemployment benefits. Other jurisdictions with similar statutory provision have had substantial difficulty in framing a test which will meet all conditions. Kempfer, Disqualification for Voluntarily Leaving and Misconduct, 55 Yale Law Journal, 147, 166 (1945) has analyzed the reasoning of various courts on this problem and finally states:

"The preferable view that misconduct which does not take place in the course of employment is not connected with employee's work even though it may affect the employer's business adversely is illustrated by decisions in Maryland and Ohio * * *."

Before this disqualification can be invoked one condition that is imperative is that at the time of the misconduct the workman guilty of the offense must have been an employee in accordance with the statutory definition of employee contained in our statute concerning unemployment security. A.R.S. § 23–615 states:

" 'Employment' means any service of whatever nature performed by an em-

ployee for the person employing him, * * *."

A.R.S. § 23–621 provides, so far as applicable, as follows:

"An individual shall be deemed 'unemployed' with respect to any week during which he performs no services and with respect to which no wages are payable to him, * * *."

In the light of these definitions we are unable to see how a workman who is on strike can be during the period of the strike considered an employee under the Social Security Act. He receives no wages. He performs no work. He was guilty of misconduct but to say such was connected with his work is the equivalent of saying it was connected with nothing. During the strike claimants' conduct was connected with past and possible future work as employees. We have held that in accordance with the foregoing definition, contained in A.R.S. § 23–621, workmen while on strike are unemployed. Sakrison v. Pierce, 66 Ariz. 162, 185 P.2d 528 (1947).

To be unemployed and also an employee is an impossibility. Our view therefore is that during the strike claimants were unemployed and consequently were not employees of the Company and could not be disqualified for unemployment benefits for conduct connected with their work.

Appellants admit they have only one case in point and cite H. J. Heinz Co. v. Unemployment Compensation Board of Review, 172 Pa.Super. 324, 94 A.2d 82 (1953). This case is not in point. Therein the claimants, members of the Union, quit work on a wildcat strike in violation of a contract between the Union and the employer. Contrary to the Union's wishes the strike was to force the Company to re-employ another workman who had been discharged for good cause. The misconduct was striking in violation of the contract. They were employees and working when the wrongful act was committed and the court correctly held they were guilty of misconduct connected with their work. Such is not the case before us.

The judgment of the lower court is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concurring.

Note: Justice LORNA E. LOCKWOOD, being disqualified, the Honorable DUDLEY W. WINDES, Supreme Court Justice (Retired), was called to sit in her stead.